IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | |
|---|---|
| James D. Ingstad, Victoria S. Ingstad, Thomas E. Ingstad, Fargo Trading, LLC, and TEI Trading, LLC, <br><br>  Plaintiffs, <br><br> vs. <br><br> Grant Thornton, LLP, Deutsche Bank Securities, Inc. d/b/a Deutsche Bank Alex Brown, Deutsche Bank AG, David Parse, Bricolage Capital, LLC, Andrew D. Beer, Samyak C. Veera, and Equilibrium Currency Trading, LLC, <br><br>  Defendants. | **MEMORANDUM OPINION AND ORDER DENYING REMAND TO STATE COURT** <br><br> Civil File No. 3:05-cv-98 |

Before the Court is a motion by Plaintiffs to remand this case to state district court. Defendants Veera, Grant Thornton, LLP, and Deutsche Bank have filed briefs in opposition. Defendant Bricolage Capital has filed bankruptcy, so the case against that defendant has been stayed.

**FACTS**

On September 8, 2000, Fargo Trading, LLC and TEI Trading, LLC entered into Account Agreements with Deutsche Bank Alex Brown, which is a subsidiary of Deutsche Bank AG. Deutsche Bank Alex Brown is a Delaware corporation with its principal place of business in New York. Thomas Ingstad is the sole member of TEI Trading, and he is a Canadian citizen. Thomas signed the Account Agreement on behalf of TEI Trading. Both Account Agreements contain arbitration clauses.

1

The purpose of the Account Agreements was to participate in an investment strategy that was alleged to have tax-saving advantages. However, the IRS had issued opinions that undermined the allegation that this strategy would result in tax savings. These opinions have since become IRS regulations. After discovering this, Plaintiffs filed suit in state court alleging a variety of state law claims. Defendants removed the action to this Court.

## ANALYSIS

The right to remove a case to federal court is wholly controlled by federal statutes. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941) (stating that the power to remove a case is restricted by Congress). Defendants rely on 9 U.S.C. § 205 as the basis for removal. Under 9 U.S.C. § 205, a defendant may remove a case to federal court if the subject matter of the case relates to an arbitration agreement covered under the Convention on the Recognition of Foreign Arbitral Awards ("Convention"). "Congress made it easy for defendants in state-filed Convention cases to remove to federal court . . . ." McDermott Int'l Inc. v. Lloys Underwriters, 944 F.2d 1199, 1209 (5th Cir. 1991). An agreement is covered by the Convention if it arises out of a commercial relationship and at least one of the parties to the agreement is not a United States citizen. Beiser v. Weyler, 284 F.3d 665, 666 n.2 (5th Cir. 2002). A court may examine the petition for removal to determine whether the case "relates to" an arbitration agreement covered under the Convention. 9 U.S.C. § 205.

Plaintiffs do not dispute that these agreements arise out of a commercial relationship. The next issue is whether at least one of the parties is not a United States citizen. One of the parties to these agreements is TEI Trading, LLC. The citizenship of the members of a limited liability

2

company ("LLC") determines the citizenship of the LLC.  GMAC Commercial Fin. LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004).  The sole member of TEI Trading is a Canadian citizen, therefore TEI Trading is a Canadian citizen.  Id.  Since one of the parties to the agreement is not a United States citizen, the second prong of the 9 U.S.C. § 205 inquiry is satisfied.  Beiser, 284 F.3d at 666 n.2.

At paragraph 19 of the agreement is an arbitration provision, so the only remaining inquiry is whether this lawsuit "relates to" this agreement.  The complaint contains a variety of claims, but in essence, the lawsuit alleges that the defendants perpetrated a fraud on the plaintiffs by marketing this investment strategy as a viable tax shelter, when the defendants knew that the IRS did not allow taxpayers to deduct losses from these options transactions.  The agreement at issue is the vehicle through which TEI Trading became involved in this alleged fraudulent activity.  Therefore, the lawsuit relates to the agreement.  Since the subject matter of this case relates to an arbitration agreement covered under the Convention, this Court has jurisdiction.  9 U.S.C. § 205.

Plaintiffs next argue that the rule of unanimity was violated by this removal because Defendant Veera did not consent at the time of removal.  The rule of unanimity generally requires all defendants to consent to the removal in order for the case to be removed to federal court.  Bradley v. Maryland Cas. Co., 382 F.2d 415, 419 (8th Cir. 1967).  The rule of unanimity is satisfied when each defendant joins in the notice of removal or when each defendant files a consent to the removal within thirty days of the date a defendant is served with the plaintiff's state court petition.  Ross v. Thousand Adventures of Iowa, Inc., 178 F. Supp. 2d 996, 999 (S.D. Iowa 2001) (citing Marano Enters. of Kansas v. Z-Teca Rests., L.P., 254 F.3d 753, 755-57 (8th Cir. 2001)).

In this case, a copy of Plaintiffs' state court complaint was left at Defendant's last-known residence on August 30, 2005. On September 29, 2005, Defendant Veera filed a consent to the removal. Since the consent was filed within thirty days of service of the petition, the rule of unanimity is satisfied. Ross, 178 F. Supp. 2d at 999 (citing Marano Enters., 254 F.3d at 755-57).

## DECISION

Plaintiffs' Motion to Remand is **DENIED**.

**IT IS SO ORDERED**.

Dated this 14th day of March, 2006.

_Ralph R. Erickson_
Ralph R. Erickson, District Judge
United States District Court